■ The People of the State of New York, Respondent, v Wilfredo DeJesus, Appellant. [46 NYS3d 689]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered May 8, 2013 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a 12-count indictment, defendant pleaded guilty to the reduced charge of burglary in the second degree

and waived his right to appeal. He was sentenced in accordance with the plea agreement to a prison term of six years followed by five years of postrelease supervision. Defendant appeals.

Defendant's sole contention is that his plea was factually deficient in that it failed to establish the element of intent necessary for a conviction of burglary in the second degree. Defendant's challenge to the factual sufficiency of the plea is precluded by his waiver of the right to appeal, which we find was knowingly, voluntarily and intelligently entered (*see People v Zakrzewski*, 140 AD3d 1536, 1537 [2016]; *People v Devault*, 124 AD3d 1140, 1141 [2015], *lv denied* 25 NY3d 989 [2015]; *People v Reynolds*, 117 AD3d 1196, 1197 [2014]). Moreover, the issue is not preserved for our review as the record does not reflect that defendant made any postallocution motion to withdraw his plea, and no statements made during the plea colloquy warrant the application of the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Butler*, 134 AD3d 1349, 1350 [2015], *lv denied* 27 NY3d 963 [2016]; *People v Mayo*, 130 AD3d 1099, 1100 [2015]).

Garry, Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.